|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |
| TIENGKHAM SINGANONH,<br><br>        Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00590-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIMS IN HIS ORIGINAL COMPLAINT AGAINST DEFENDANTS CORPORAL RODRIGUEZ, CORPORAL PREI, CORRECTIONAL OFFICER SANCHEZ, AND CORRECTIONAL OFFICER ESUIEL FOR EXCESSIVE FORCE AND FAILURE TO PROVIDE MEDICAL CARE;<br><br>(2) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(3) NOTIFY THE COURT THAT HE WANTS THE COURT TO SCREEN HIS FIRST AMENDED COMPLAINT<br><br>(ECF NO. 14)<br><br>THIRTY (30) DAY DEADLINE |

Tiengkham Singanonh ("Plaintiff") is a state prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 23, 2018. (ECF No. 1).

The Court screened the complaint and found that the following claims should proceed past the screening stage: Plaintiff's claims against Defendants Corporal Rodriguez, Corporal

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time his constitutional rights were allegedly violated. (ECF No. 14, p. 7).

1

Prei, Correctional Officer Sanchez, and Correctional Officer Esuiel for excessive force and failure to provide medical care. (ECF No. 11). The Court also found that Plaintiff's complaint failed to state any other cognizable claims. (Id.).

The Court gave Plaintiff options on how to proceed: 1) file an amended complaint; 2) file a statement with the Court that he wants to go forward only on the claims the Court found cognizable, which are his claims against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esuiel for excessive force and failure to provide medical care; or 3) file a statement that he wishes to stand on the complaint and have it reviewed by a district judge, in which case the Court would issue findings and recommendations to a district judge consistent with the screening order. (Id. at 9).

On September 24, 2018, Plaintiff filed his First Amended Complaint ("FAC"). Upon review of the complaint, it does not appear that Plaintiff understood the Court's screening order. Plaintiff did not include the vast majority of the factual allegations from the original complaint in the FAC. Instead, Plaintiff states that he "stand[s] on the complaint for excessive force, failure to provide medical attention, on the claims the court[] found cognizable." (ECF No. 14, p. 3). He then states he filed the amended complaint "to amend the deficiencies of the supervisory liability, where the 'Supervisors' personaly [sic] participated in the causation/injury in their official capacity." (Id. at 4).

The manner in which Plaintiff is attempting to amend his complaint is improper. The amended complaint needs to include all of the claims Plaintiff wishes to pursue—including the ones in the original complaint and any amended ones. It cannot refer to an earlier complaint. In the screening order, the Court informed Plaintiff that "an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged." (ECF No. 11, pgs. 8-9). Thus, if the Court screens Plaintiff's FAC it will not take into consideration the allegations in the original complaint.

The Court issues this order to give Plaintiff options on how to proceed so that he can keep the claims in the first complaint and anything new. Again, all of the facts and claims Plaintiff wishes to pursue need to be in one document.

Given the apparent misunderstanding, IT IS HEREBY ORDERED THAT:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. File a Second Amended Complaint, which includes all claims Plaintiff wishes to pursue in one document, which the Court will screen in due course;
   b. Notify the Court in writing that he wants the Court to screen his First Amended Complaint, which the Court will do in due course without including any claims that were only put in the original complaint; or
   c. Notify the Court in writing that he does not wish to file an amended complaint or have the Court screen his First Amended Complaint, and instead wants to proceed only on the claims found cognizable in his original complaint (which are claims against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esuiel for excessive force and failure to provide medical care).
3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:18-cv-00590-EPG; and
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **October 9, 2018**　　　　　　　/s/ *Erica P. Grosjean*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE