1

2

3

4

5

6

7
**UNITED STATES DISTRICT COURT**

8
**EASTERN DISTRICT OF CALIFORNIA**

9

10
| TIENGKHAM SINGANONH, | Case No. 1:18-cv-00590-EPG (PC) |
| --- | --- |

Plaintiff,

11
FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS CORPORAL RODRIGUEZ, CORPORAL PREI, CORRECTIONAL OFFICER SANCHEZ, AND CORRECTIONAL OFFICER ESQUIEL FOR EXCESSIVE FORCE AND FAILURE TO PROVIDE MEDICAL CARE, AND THAT ALL OTHER CLAIMS BE DISMISSED

v.

12

13
RODRIGUEZ, et al.,

Defendants.

14

15

16
(ECF NO. 1)

17
OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS

18

19
ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE

20
Tiengkham Singanonh ("Plaintiff") is a state prisoner[1] proceeding *pro se* and *in forma*

21
*pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the

22
complaint commencing this action on April 23, 2018. (ECF No. 1).

23
Plaintiff alleges that he got into an argument with staff at Fresno County Jail regarding

24
the rules about getting ready for Court and showering. Even though Plaintiff complied with the

25
orders given by staff, Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and

26
Correctional Officer Esquiel slammed him to the ground and assaulted him. Plaintiff was

27

28
> [1] Plaintiff has alleged that he was a pretrial detainee at the time his constitutional rights were allegedly violated. (ECF No. 14, p. 7).

1  injured, but he was left handcuffed without medical attention for close to an hour.

2  For the reasons described below, and in light of Plaintiff's election to stand on his

3  original complaint subject to the issuance of these findings and recommendations (ECF No.

4  16), the Court will recommend that this case proceed on Plaintiff's claims in his original

5  complaint (ECF No. 1) against Defendants Corporal Rodriguez, Corporal Prei, Correctional

6  Officer Sanchez, and Correctional Officer Esquiel for excessive force and failure to provide

7  medical care, and that all other claims be dismissed with prejudice

8  **I.    BACKGROUND**

9  On September 7, 2018, the Court screened Plaintiff's complaint and found that the

10  following claims should proceed past the screening stage: Plaintiff's claims against Defendants

11  Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer

12  Esquiel for excessive force and failure to provide medical care. (ECF No. 11). The Court also

13  found that Plaintiff's complaint failed to state any other cognizable claims. (Id.).

14  The Court gave Plaintiff options on how to proceed: 1) file an amended complaint; 2)

15  file a statement with the Court that he wants to go forward only on the claims the Court found

16  cognizable, which are his claims against Defendants Corporal Rodriguez, Corporal Prei,

17  Correctional Officer Sanchez, and Correctional Officer Esuiel for excessive force and failure to

18  provide medical care; or 3) file a statement that he wishes to stand on the complaint and have it

19  reviewed by a district judge, in which case the Court would issue findings and

20  recommendations to a district judge consistent with the screening order. (Id. at 9).

21  On September 24, 2018, Plaintiff filed his First Amended Complaint ("FAC"). Upon

22  review of the complaint, it appeared that Plaintiff misunderstood the Court's screening order.

23  Plaintiff did not include the vast majority of the factual allegations from the original complaint

24  in the FAC. Instead, Plaintiff stated that he "stand[s] on the complaint for excessive force,

25  failure to provide medical attention, on the claims the court[] found cognizable." (ECF No. 14,

26  p. 3). He apparently filed the amended complaint "to amend the deficiencies of the supervisory

27  liability, where the 'Supervisors' personaly [sic] participated in the causation/injury in their

28  official capacity." (Id. at 4).

As the manner in which Plaintiff was attempting to amend his complaint was improper, the Court issued an order giving Plaintiff the following options on how to proceed: 1) "File a Second Amended Complaint, which includes all claims Plaintiff wishes to pursue in one document, which the Court will screen in due course;" 2) "Notify the Court in writing that he wants the Court to screen his First Amended Complaint, which the Court will do in due course without including any claims that were only [included] in the original complaint;" or 3) "Notify the Court in writing that he does not wish to file an amended complaint or have the Court screen his First Amended Complaint, and instead wants to proceed only on the claims found cognizable in his original complaint (which are claims against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esquiel for excessive force and failure to provide medical care)." (ECF No. 15, p. 3).

On October 22, 2018, Plaintiff filed his response to the Court's order. (ECF No. 16). Plaintiff elected to "stand on the original complaint subject to this court issuing findings and recommendations to a district judge consistent with [the screening] order." (Id.).

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III. SUMMARY OF PLAINTIFF'S COMPLAINT

On November 11, 2016, at approximately 6:25 a.m., Plaintiff attempted to take a shower to ready himself for court. The water was turned off so that Plaintiff could not shower. Plaintiff had an argument with correctional officers about the rules for getting ready for court and showering. Plaintiff alleges he was following those rules. He claims that when an inmate is in a multi-occupancy cell, as he was, the inmate may shower any time that they have access to the dayroom. Plaintiff alleges he complied with all orders given by staff.

Plaintiff alleges that Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esquiel slammed him to the ground and assaulted him. Plaintiff suffered a fractured clavicle and broken left shoulder, among other injuries. Plaintiff was then taken to the gym where he was left handcuffed without medical attention. He was ignored for close to an hour. Various officers were negligent and violated Fresno County Jail's policies by ignoring requests for medical attention and failing to provide him medical aid. Finally, Correctional Officer T. Johnson came to assist him and gave him immediate medical attention.

Plaintiff alleges that Fresno County Jail failed to promulgate the existing policies, rules and regulations regarding showering in multi-occupancy living dorms. Fresno County also failed to promulgate their policies regarding when force that results in injuries is used.

4

# IV. ANALYSIS OF PLAINTIFF'S CLAIMS

## A. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Excessive force claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

For Eighth Amendment claims arising out of the use of excessive physical force, courts look to see if the use of force was subjectively reasonable, i.e., "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Excessive force claims brought by pretrial detainees under the Fourteenth Amendment, by contrast, are evaluated under the "objectively unreasonable" standard. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Courts apply a more rigid standard in these cases because pretrial detainees, unlike prisoners, must not be punished at all, much less sadistically and maliciously. Id. at 2475 (citing Ingraham v. Wright, 430 U.S. 651, 671-71 (1977)). Courts may look at a variety of factors to determine whether the force used was objectively unreasonable, including but not limited to: the relationship between the need for the use of force

1 and the amount of force used, the extent of the detainee's injury, the threat reasonably perceived

2 by the officer, and whether the detainee was actively resisting. Kingsley, 135 S. Ct. at 2473.

3 Construing the facts liberally in favor of Plaintiff, the Court finds that under either

4 standard Plaintiff's complaint states a claim for excessive force against Defendants Corporal

5 Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esquiel, based

6 on the allegation that they used excessive force without justification against Plaintiff.

7 The Court is not making any decision that these defendants are liable. It is only finding

8 that Plaintiff has sufficiently alleged a claim against them under the law to proceed past the

9 screening stage.

10 **B. Denial of Medical Care**

11 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

12 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

13 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a

14 plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's

15 condition could result in further significant injury or the unnecessary and wanton infliction of

16 pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id.

17 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal

18 quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d

19 1133 (9th Cir. 1997) (en banc)).

20 Deliberate indifference is established only where the defendant *subjectively* "knows of

21 and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051,

22 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

23 Deliberate indifference can be established "by showing (a) a purposeful act or failure to

24 respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."

25 Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an

26 unjustifiably high risk of harm that is either known or so obvious that it should be known") is

27 insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-

28 37 & n.5 (1994) (citations omitted).

6

"[T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case. The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. Thus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (alteration in original) (footnote, citations, and internal quotation marks omitted).

Plaintiff alleges that he was denied medical care after the officers assaulted him. Construing all facts in favor of Plaintiff, the Court finds that, under either standard, Plaintiff has sufficiently stated a claim against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, Correctional Officer Esquiel for a failure to provide medical care based on the allegation that they caused significant injuries that caused Plaintiff to need care but then left him without care in the gym for an hour.

Although Plaintiff appears to allege that other officers also saw him and did not treat him or get treatment for him, the Court does not find any claim against any other officer. Plaintiff does not name any other person who failed to treat him or help get him treatment.

**C. Claim Against Fresno County and Sheriff Mims**

Plaintiff also alleges that Fresno County Jail, the County of Fresno, and the County Sheriff (Margaret Mims), are liable because they failed to promulgate their policies regarding shower use and use of force.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

"Local governing bodies… can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where… the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (footnote omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible." Connick v. Thompson, 563 U.S. 51, 60–61 (2011) (internal citations and quotations omitted) (alteration in original).

This Court finds that Plaintiff's allegations do not set out a constitutional claim against Fresno County Jail, the County of Fresno, or the County Sheriff. Sheriff Mims had no direct

involvement in the incident. There are no allegations regarding the training or failure to train any of the defendant jail officers. As for the shower policy, even if there were allegations about a failure to train regarding that policy, it would not set forth a constitutional claim because the potential constitutional violations related to the alleged use of excessive force by officers and subsequent failure to provide medical care—not the failure to provide a shower consistent with jail rules.

## V.     CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's original complaint (ECF No. 1) states cognizable claims against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esquiel for excessive force and failure to provide medical care. The Court finds that Plaintiff's complaint fails to state any other cognizable claims. As Plaintiff has chosen to stand on his original complaint, the Court does not recommend granting further leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED that this case proceed on Plaintiff's claims in his original complaint (ECF No. 1) against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esquviel for excessive force and failure to provide medical care, and that all other claims be dismissed with prejudice.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

1    Dated:    **October 26, 2018**                    /s/ _Eric  P.  Gross_
2                                                       UNITED STATES MAGISTRATE JUDGE
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28