# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, et al.,<br><br>Defendants. | Case No. 1:18-cv-590-AWI-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF NOS. 1 & 17) |

Tiengkham Singanonh ("Plaintiff") is a state prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 29, 2018, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that "this case proceed on Plaintiff's claims in his original complaint (ECF No. 1) against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esquviel for excessive force and failure to provide medical care, and that all other claims be dismissed with prejudice." (ECF No. 17, p. 9).

Plaintiff was provided an opportunity to file objections to the findings and recommendations. Plaintiff filed his objections on November 9, 2018. (ECF No. 18).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time his constitutional rights were allegedly violated. (ECF No. 14, p. 7).

1

analysis.[2]

Plaintiff's objections—that his "official capacity" claims against Sherrif Mims, Fresno County, and the Fresno County Jail, as well as his "Supervisory Liability" claims, should be reinstated—misconstrue the Magistrate Judge's finding and recommendations. As the Magistrate Judge informed Plaintiff, his valid claims are for "constitutional violations related to the alleged use of excessive force by officers and subsequent failure to provide medical care—not the failure to provide a shower consistent with jail rules." See Doc. No. 17 at p. 9. Thus, for the excessive force/medical care claims against "Supervisory personnel" Corporals Prei and Rodriguez, the Magistrate Judge has recommended these claims move forward against these individuals in their individual capacities, and has not recommended dismissal of these parties. As to any "official capacity" claims against persons named as Defendants are essentially claims against the government entity. *See Gibson v. U.S.*, 781 F.2d 1334, 1337-38 (9th Cir. 1986); *see also See Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (naming a government entity and an officer of that entity in an official capacity is a redundancy). To be cognizable, these claims would require allegations that the jail maintains a policy or custom[3] as to Plaintiff's excessive force/medical care claims, not a policy or custom about failing to provide a shower. After multiple correspondence with the Magistrate Judge, Plaintiff stated he wished to rest on his initial complaint, which the Magistrate Judge found (and this Court agrees) failed to state any *Monell* claim for excessive force and failure to provide medical care. Based on these correspondences, a review of the Complaint, and Plaintiff's objections, the Court finds dismissal with prejudice of any "official capacity" claims

---

[2] The Court notes that the Magistrate Judge found that Plaintiff stated either a due process claim under the Fourteenth Amendment or a cruel and unusual punishment claim under the Eighth Amendment. Moving forward, the proper standard for Plaintiff's claims—as a pretrial detainee—would be under the Fourteenth Amendment. *See Olivier v. Baca*, 2019 WL 166117, at *4 (9th Cir. Jan. 11, 2019) ("A pretrial detainee is 'protected by the Fourteenth Amendment's Due Process Clause .... Under the Due Process Clause, detainees have a right against jail conditions or restrictions that amount to punishment. This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment.'") (quoting *Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).

[3] *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60–61 (2011).

(those concerning policy or custom per *Monell*) to be proper. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987) (opportunity to amend in pro se cases granted unless it is clear deficiencies cannot be overcome by amendment).

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued by the magistrate judge on October 29, 2018, are ADOPTED in full;
2. This action may proceed on Plaintiff's original complaint (ECF No. 1), on Plaintiff's claims against Defendants Corporal Rodriguez, Corporal Prei, Correctional Officer Sanchez, and Correctional Officer Esquivel[4] for excessive force and failure to provide medical care;
3. All other claims and defendants are DISMISSED with prejudice;
4. The Clerk of Court is DIRECTED to reflect the dismissal of Defendants Fresno County Jail and Margaret Mims on the Court's docket, and to add Defendants Prei, Sanchez, and Esquivel; and
5. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: January 11, 2019

SENIOR DISTRICT JUDGE

---

[4] While the assigned magistrate judge spelled the name as "Esquviel" and "Esquiel," it appears that the proper spelling is "Esquivel."

3