UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIENGKHAM SINGANONH, <br><br> Plaintiff, <br><br> v. <br><br> RODRIGUEZ, et al., <br><br> Defendants. | Case No. 1:18-cv-00590-AWI-EPG (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE <br><br> (ECF NO. 24) |

Tiengkham Singanonh ("Plaintiff") is a state prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On February 25, 2019, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 24). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because his imprisonment will greatly limit his ability to litigate this case; because this case will involve substantial investigation and discovery; because the issues in this case are complex; because a trial in this case will likely involve conflicting testimony; because there is "video/surveillance" that needs to be retrieved from Fresno County Jail; and because, with the assistance of counsel,

---

[1] Plaintiff has alleged that he was a pretrial detainee at the time his constitutional rights were allegedly violated. (ECF No. 14, p. 7).

1

Plaintiff is likely to succeed on the merits of his claims.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, while there have been some issues, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.
IT IS SO ORDERED.

Dated: **March 20, 2019**        /s/ Eric P. Groj
                                 UNITED STATES MAGISTRATE JUDGE